**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | No. 13-35336 |
| | ) | |
| JOSEPH HARTMAN, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | **Honorable Judge Pamela S. Hollis** |
| | ) | |

**NOTICE OF MOTION**

TO:   See Attached Service List

On September 25, 2013 at 9:30 am, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Pamela S. Hollis, in the courtroom usually occupied by him in Room 644 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois and present the attached **Motion to Lift the Automatic Stay**, a copy of which is attached hereto and served upon you.

**THE ALTGELD COURT
CONDOMINIUM ASSOCIATION,**

By:   /s/ Jennifer L. O'Reilly
       One of its Attorneys

Jennifer L. O'Reilly [ARDC #6300458]
LEVENFELD PEARLSTEIN, LLC
Attorneys for the Altgeld Court Condominium Association
2 N. LaSalle St., Ste. 1300
Chicago, Illinois 60602
(312) 346-8380
(312) 346-8434 (fax)
joreilly@lplegal.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that she caused the foregoing Notice of Motion and Motion to Lift the Automatic Stay to be served upon the parties indicated by asterisk on the attached Service List by U.S. Mail with postage prepaid and deposited in the mail chute from 2 N. LaSalle St., Chicago, Illinois, before 5:00 p.m. on 12th of September, 2013. Notice of this filing will also be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: /s/ Jennifer L. O'Reilly

## SERVICE LIST

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn 7th Floor
Chicago, IL 60604-1702

Altgeld Court Condo Association
734 Weed St
Chicago, IL 60610

American Express
Suite 0002
Chicago, IL 60679-0100

Bank of America
4000 Ogletown/Stanton Road
Newark, DE 19713

Chase Card Services
P O Box 15153
Wilmington, DE 19886-5153

Citibank
PO Box 790034
St Louis MO 63179-0034

InSolve Recovery, LLC,
c/o Capital Recovery Dept 3203
PO Box 123203
Dallas, TX 75312-3203

Joseph J Hartman
1300 W. Altgeld Ave
Chicago, IL 60614-2155

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, IL 60604-2503

Patrick S Layng
Office of the U.S. Trustee, Region
11219 S Dearborn St, Room 873
Chicago, IL 60604-2027

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 13-35336 |
| | ) | |
| **JOSEPH HARTMAN,** | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | **Honorable Judge Pamela S. Hollis** |
| | ) | |

### MOTION TO LIFT THE AUTOMATIC STAY

The Altgeld Court Condominium Association ("Association"), by and through its attorneys, Levenfeld Pearlstein, LLC moves this Honorable Court to lift the automatic stay against the debtor, Joseph Hartman ("Debtor"), and the Debtor's Unit located at 1300 W. Altgeld Street, Unit 104, Chicago, Illinois 60614, ("Property") pursuant to Section 362(d) of the Bankruptcy code. In support thereof, the Association states as follows:

1. The Association is an Illinois not-for-profit corporation having its principal office in Chicago, Illinois and is, and was at all times hereinafter set forth, an agency for the purpose of maintaining and administering the community and recreational facilities, enforcing the covenants and restrictions, and collecting and disbursing assessments for the common properties situated on a certain parcel of real estate in the City of Chicago, Illinois and the Property.

2. The Association was incorporated under the laws of the State of Illinois as a not-for-profit corporation and was granted the authority to administer the common property set forth in paragraph one of the within motion pursuant to the Declaration of ownership for the Association (hereinafter referred to as the "Declaration") recorded with the Office of the Recorder of Deeds of Cook County, Illinois.

3. The Debtor filed a Chapter 13 proceeding on September 5, 2013. There is presently a stay in effect pursuant to 11 U.S.C. Section 362.

4. Section 362 (a) of the Bankruptcy Code provides that the filing of a bankruptcy petition under Sections 301, 302, or 303 of title 11 of the Bankruptcy Code operates as a stay of, *inter alia*, the commencement or continuation of a judicial, administrative or other action against the debtor that was or could have been commenced before the filing of the petition. 11 U.S.C. 362(a). However, Section 362(d) further provides that the court may grant a party relief from the automatic stay "for cause." 11 U.S.C. 362(d). Whether there is cause for granting relief from the stay must be "determined on a case by case basis." <u>In re Rexene Prods. Co.</u>, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

5. In this case, the Association filed a Joint Action against Joseph Hartman for past due assessments seeking an order of possession against the Property and a personal judgment prior to Mr. Hartman's bankruptcy filing.

6. On July 15, 2013, a judgment for $25,197.70 in damages and $1,139.42 in costs was entered against Joseph Hartman and the Property. In addition to a money judgment, an order for possession was entered against the Property (See copy of order as "Exhibit A"). The order of possession is a final and appealable order. *In Re Sarah Digregorio*, 458 B.R. 436, 442 (Bankr. N.D. Ill. 2011). Upon Mr. Hartman's request, a briefing schedule was entered for the Association's attorney fee petition with a hearing date of September 12, 2013. Mr. Hartman did not file a response to the fee petition.

7. The Association intends on requesting a continuance of the fee petition hearing until it can proceed pursuant to the Bankruptcy Code. The Association requests the bankruptcy stay be lifted so that it may proceed with obtaining its judgment for attorney fees for unpaid assessments. The Association agrees that any judgment for attorney fees is debt that accrued prior to Mr. Hartman filing bankruptcy on September 5, 2013; therefore, the judgment for

attorney fees will be included in the Association's proof of claim that it intends on filing with the bankruptcy court.

8.     Furthermore, the Association intends on enforcing its right to place the order for possession with the sheriff for eviction as the automatic stay does not apply here. *In Re Sarah Digregorio*, 458 B.R. 436, 443 (Bankr. N.D. Ill. 2011). Because the Association obtained an order of possession prior to Mr. Hartman's bankruptcy filing, the Property is not part of the estate. *Id. at 442*. "To be included as property of the estate, something must be (1) property, (2) of the debtor, (3) as of the commencement of the case." Id. Here, the Association obtained an order of possession for the Property on July 15, 2013, which has not been paid. Mr. Hartman did not file his notice of bankruptcy until September 6, 2013. Therefore, the Property is not part of the estate and the automatic stay does not apply. Moreover, "[p]ursuant to the Rooker-Feldman doctrine, bankruptcy courts cannot review and reject final state court judgments." *Id.* at 441.

9.     By way of the foregoing, the Association will suffer real and irreparable harm unless it is granted the relief requested herein.

WHEREFORE, the Altgeld Court Condominium Association moves this Honorable Court for an order modifying the automatic stay against the Debtor, as provided under Section 362 of the United States Bankruptcy Code, to allow the Altgeld Court Condominium Association to proceed with its Illinois state court remedies to collect any unpaid assessments that are a lien against the Property and that the stay of enforcement imposed by bankruptcy Rule 4001(a)(3) be waived.

                        **THE ALTGELD COURT**
                        **CONDOMINIUM ASSOCIATION,**

                By:  /s/ Jennifer L. O'Reilly
                    One of its Attorneys

Jennifer L. O'Reilly [ARDC #6300458]
LEVENFELD PEARLSTEIN, LLC
Attorneys for the Altgeld Court Condominium Association
2 N. LaSalle St., Ste. 1300
Chicago, Illinois 60602
(312) 346-8380
(312) 346-8434 (fax)
joreilly@lplegal.com

LP 4443973.1 \ 11050-73277